UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

Case No: 2:18-CV-342-FtM-38MRM

A.G.R, a minor, by and through his parents and natural guardians, YURIDIA RIOS RIOS and FILOGONES GARCIA - OJEDA

Florida Bar No: 379352

Plaintiff

vs.

UNITED STATES OF AMERICA

Defendant
_____/

FILED 2018 MAY 15 AM 10: 38 CLERK, US DISTRICT COURT MIDDLE DISTRICT OF FLORIDA FORT MYERS FLORIDA

## COMPLAINT

Plaintiff, A.G.R., a minor, by and through his parents and natural guardians, YURIDIA RIOS RIOS and FILOGONES GARCIA – OJEDA, sues the defendant, UNITED STATES OF AMERICA, and as grounds therefore would state:

1. The above-captioned lawsuit is one for personal injuries as a result of medical negligence pursuant to the Federal Tort Claims Act, Title 28, USC §§ 1346(b) and 2675(a).

2. At all times relevant and material to this Complaint, plaintiff, YURIDIA RIOS RIOS, received pre-natal care through the Family Health Centers of SW Florida, Inc. doing business in Lee County, Florida as the Family Health Centers of SW Florida.

3. Family Health Centers of SW Florida, Inc. doing business as Family Health Centers of SW Florida, was at all times relevant and material to this Complaint a federally supported health center pursuant to the Federally Supported Health Center Assistance Act of 1992, 42 USC § 233.

4. Heather Thomas, CNM was an employee of Family Health Centers of SW Florida, Inc. doing business as Family Health Centers of SW Florida at all times relevant and material to the Complaint.

5. Pursuant to 42 USC § 233 the staff of the Family Health Centers of SW Florida, specifically Heather Thomas, CNM, are deemed to be federal employees of the Public Health Service during the time period in which this action arose, and therefore the UNITED STATES OF AMERICA is the proper party defendant.

6. At all times relevant and material to this Complaint Heather Thomas was and is a Certified Nurse Midwife licensed under the laws of the State of Florida and did so practice her profession of midwifery in Lee County, Florida.

7. The plaintiff has fully complied with all conditions precedent to the bringing of this lawsuit.

8. Yuridia Rios Rios initiated her prenatal care at the Family Health Centers of SW Florida on August 12, 2017. She gave an obstetrical history of a previous normal spontaneous vaginal delivery of a 6 lb 10oz girl at 38 weeks of gestational age. Her last menstrual period was May 2, 2015, establishing the Estimated Gestational Age as 14 weeks and an Estimated Date of Confinement of January 30, 2016. On the following visit, August 27, 2015, by use of ultrasound, the Estimated Gestational Age was determined to be 23 weeks with an Estimated Date of Confinement of December 24, 2015. Over the next three months Yuridia Rios Rios regularly attended her scheduled office visits.

9. On December 23, 2015 at 2134 Yuridia Rios was admitted to Labor and Delivery at Gulf Coast Medical Center. On December 24, 2015 at 0331 spontaneous vaginal delivery of a male infant over intact perineum by CNM Heather Thomas is described. After the head was

delivered, turtle sign was noted. RT was called to the room STAT. RNs were at bedside. Shoulder dystocia was noted. RNs performed McRoberts maneuver and suprapubic pressure. Weight was 9 lbs 13 oz. Apgar scores were 5/9. Newborn findings included molding, bruising of the skin and a right arm with little movement. The assessment included a finding of birth trauma and a closed fracture of the right clavicle.

10. Subsequent examination on February 5, 2016 by a pediatric orthopedist described a right fractured clavicle from birth with Erb's Palsy. On March 22, 2016 a reconstructive surgeon described a right upper brachial plexus birth injury. The infant, A.G.R., eventually underwent a surgical procedure, on August 30, 2016 involving the neurolysis of a neuroma on the C5/C6 nerve root.

11. As a direct and proximate result of excessive force and/or improper delivery technique by Heather Thomas, CNM, A.G.R. suffered a brachial plexus injury.

12. At all times relevant and material to this Complaint Heather Thomas, CNM undertook the care and treatment of Yuridia Rios Rios and A.G.R. such that a health care provider/patient relationship existed. In undertaking such care and treatment of Yuridia Rios Rios and A.G.R., Heather Thomas, CNM, owed a duty to Yuridia Rios Rios and A.G.R. to provide that level of skill, care, diagnosis and treatment which in light of all relevant circumstances are recognized as acceptable and appropriate by reasonably prudent similar health care providers.

13. Heather Thomas, CNM breached her duty of care to Yuridia Rios Rios and A.G.R. and was careless and negligent in that her acts and omissions fell below that level of skill, care, diagnosis and treatment, which in light of all relevant circumstances is and was

recognized as acceptable and appropriate by reasonably prudent similar health care providers. The acts and omissions constituting negligence included but were not limited to the following:

a) Negligently failed to estimate fetal weight;

b) Negligently failed to recognize accepted risk factors for a potentially difficult delivery, including shoulder dystocia;

c) Negligently used excessive traction in rushing the delivery;

d) Negligently omitted essential details in inadequately documenting the delivery;

e) Negligently failed to accurately document and chart the course of labor and delivery;

f) Negligently failed to thoroughly evaluate the complaints of Yuridia Rios Rios;

g) Negligently failed to timely recognize the significance of Yuridia Rios Rios's ongoing signs and symptoms;

h) Negligently failed to timely diagnose the medical condition of Yuridia Rios Rios;

i) Negligently failed to timely perform an acceptable and appropriate physical examination;

j) Negligently failed to timely perform acceptable and appropriate diagnostic tests and procedures;

k) Negligently failed to properly manage the delivery;

l) Negligently failed to timely and properly interpret various diagnostic tests;

m) Negligently failed to provide informed consent to the patient regarding her medical condition by failing to provide information sufficient to give the patient a general understanding of her condition and proposed treatments and/or procedures, of any medically acceptable alternative treatments or procedures, and of the substantial risks and hazards;

n) Negligently failed to institute acceptable and appropriate medical intervention or surgical treatment in light of the circumstances, specifically including delivery of the infant by cesarean section;

o) Negligently failed to obtain acceptable and appropriate consultations in regard to medical intervention or surgical treatment, including delivery by cesarean section;

p) Negligently failed to recognize complications and abnormalities in the progress of Yuridia Rios Rios's labor;

q) Negligently failed to properly diagnose the medical condition of Yuridia Rios Rios, and hence the fetal well-being of A.G.R.;

r) Negligently failed to treat the patient in a manner which is recognized as acceptable and appropriate by reasonably prudent similar health care providers.

15. As a direct and proximate result of the aforedescribed negligence of Heather Thomas, CNM, for which UNITED STATES OF AMERICA is vicariously liable, A.G.R. suffered bodily injury, and resulting pain and suffering, disability, physical impairment, disfigurement, mental anguish, inconvenience, loss of the capacity for the enjoyment of life, expenses of hospitalization, habilitation, medical and nursing care and treatment, and lost earning capacity. The losses are either permanent or continuing, and A.G.R. will suffer the losses in the future.

## DAMAGES OF PARENTS

16. At all times relevant and material to this Complaint, YURIDIA RIOS RIOS and FILOGONES GARCIA-OJEDA were and are the parents and natural guardians of A.G.R., a minor.

17. YURIDIA RIOS RIOS and FILOGONES GARCIA-OJEDA have suffered economic loss for lost earnings in the past and loss of ability to earn money in the future reasonably resulting from the need to care or provide for their child because of his injury.

WHEREFORE, the plaintiff, A.G.R., by and through YURIDIA RIOS RIOS and FILOGONES GARCIA-OJEDA , his parents and natural guardians, demand judgment against defendant, UNITED STATES OF AMERICA, for compensatory damages, together with costs and interest.

COMPLAINT 6

KENNETH J. BUSH, P.A.
Attorneys for the Plaintiff(s)
2100 Salzedo Street, Suite 303
Coral Gables, FL 33134
Tel: (305) 443-3795
Fax: (305) 443-3843
bush@kjbushlaw.com

BY _____
    KENNETH J. BUSH