UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

A.G.R., a minor, by and through his parents
and natural guardians, Yuridia Rios Rios
and Filogones Garcia-Ojeda,

    Plaintiff,

v.                                                                            Case No:   2:18-cv-342-FtM-38MRM

UNITED STATES OF AMERICA,

    Defendant.
_____/

## REPORT AND RECOMMENDATION[1]

This matter comes before the Court upon review of Plaintiffs' Motion for Approval of Minor's Settlement (Doc. 23), filed on December 12, 2018.  Plaintiffs seek approval of the settlement of the tort claim of their minor child pursuant to Fla. Stat. §§ 744.301 and 744.387(3), and Florida Rule of Probate 5.636.  (Doc. 23 at 1).  For the reasons set forth below, the Undersigned recommends that the settlement be approved.

    **I.**    **Background**

On May 15, 2018, Plaintiffs Yuridia Rios Rios and Filogones Garcia-Ojeda, on behalf of their minor child, A.G.R., filed a medical malpractice claim against the United States of America

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or websites.  These hyperlinks are provided only for users' convenience.  Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees.  By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their websites.  Likewise, the Court has no agreements with any of these third parties or their websites.  The Court accepts no responsibility for the availability or functionality of any hyperlink.  Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

("the Government") pursuant to the Federal Tort Claims Act, 28 U.S.C. §§ 2671-2680 ("FTCA"). (Doc. 1). Plaintiffs alleged that during the pregnancy of Yuridia Rios Rios, she received pre-natal care through the Family Health Centers of SW Florida Inc. ("Family Health"), a federally supported health center. (*Id.* at ¶¶ 2, 3). Plaintiffs' Certified Nurse Midwife Heather Thomas ("CNM Thomas"), working in her official capacity as an employee of the Family Health Center, delivered the baby of Yuridia Rios Rios, A.G.R., on December 24, 2015. (*Id.* at ¶¶ 4, 9). Plaintiffs alleged that CNM Thomas fell below the standard of care in the delivery of A.G.R., during which A.G.R. encountered a shoulder dystocia. (*Id.* at ¶ 9, 13).

Upon delivery, newborn findings included molding, bruising of the skin and a right arm with little movement. The assessment included a finding of birth trauma and a closed fracture of the right clavicle. The injury was subsequently described as a right fractured clavicle from birth with Erb's Palsy and a right upper brachial plexus birth injury. (*Id.* at ¶¶ 9, 10). Subsequently, A.G.R. underwent a surgical procedure involving the neurolysis of a neuroma on the C5/C6 nerve root. (*Id.* at ¶ 10). Plaintiffs claim that A.G.R. has suffered a permanent or continuing injury. (*Id.* at ¶ 15). However, the Undersigned notes that the guardian ad litem report filed in connection with this proceeding (Doc. 25) reflects that A.G.R. "has made an excellent recovery" and that his doctors believe "that with continued therapy he will be left with minimal residual injury and no permanent disability that will affect his ability to work or perform the activities of daily living." (Doc. 25 at 4). Plaintiffs alleged that CNM Thomas's use of excessive force or improper delivery technique caused the infant's brachial plexus injury and resulted in damages, for which the Government is vicariously liable. (Doc. 1 at ¶¶ 11, 14, 15).

Although the Government conceded that it is a proper defendant in this suit, it contested liability and the extent of damages. (Doc. 8 at 1-8). The Government asserted that the

2

healthcare treatment Yuridia Rios Rios received was within accepted medical standards. (*Id.* at 4).

The parties mediated the case on November 20, 2018, and on November 23, 2018 the mediator, James Nulman, submitted his Report informing the Court that the parties had reached a settlement agreement. (Doc. 20). Plaintiff then filed a motion to appoint a guardian ad litem, which the Court granted. (Docs. 21, 22). Upon stipulation of the parties, the Court appointed Kenneth Oliver as guardian ad litem for the minor child to aid the Court in determining the best interests of the child with regard to the settlement of the case. (Doc. 22).

The guardian ad litem conducted a review of the file, including medical reports, expert affidavits, depositions, pleadings, correspondence, and a closing statement provided by Plaintiffs' attorney. (Doc. 25 at 3). He informs the Court that the parties were able to reach an agreement that is in the best interests of A.G.R. and recommends that the Court approve the proposed settlement in its entirety. (*Id.* at 5).

**II.   Analysis**

Under Florida law, "[w]hen a settlement of any claim by or against the guardian, whether arising as a result of personal injury or otherwise, and whether arising before or after appointment of a guardian, is proposed, . . . the court may enter an order authorizing the settlement if satisfied that the settlement will be for the best interest of the ward." Fla. Stat. § 744.387(1).[2]  Moreover, "[n]o settlement after an action has been commenced by or on behalf of

---

[2] This case arises under federal law, and Plaintiffs brought this action in federal court. Thus, arguably Florida law regarding the approval of a minor's settlement agreement is not binding. *See Meyers v. United States*, No. 6:13-CV-1555-ORL, 2014 WL 5038585, at *2 (M.D. Fla. Sept. 29, 2014). In a footnote in a similar case, however, the Eleventh Circuit cited to § 744.387(3)(a), stating, "Florida law requires court approval of all settlements involving a minor for the settlement to be effective." *Reed By & Through Reed v. United States*, 891 F.2d 878, 882 n.3 (11th Cir. 1990). This indicates that a federal court may follow state law to approve a settlement involving a minor. In the instant case, Plaintiffs request that the Court approve the

3

a ward shall be effective unless approved by the court having jurisdiction of the action." Fla. Stat. § 744.387(3)(a). Section 744.387(b) also provides that "[i]n the event of settlement," a "court may authorize the natural guardians . . . to collect the amount of the settlement or judgment and to execute a release or satisfaction." Furthermore, Florida law requires a court to "appoint a guardian ad litem to represent the minor's interest before approving a settlement of the minor's claim in a case in which the gross settlement equals or exceeds $50,000.00." Fla. Stat. § 744.3025(1)(b). The duty of the guardian ad litem is to protect the minor's interests as described in the Florida Probate Rules. Fla. Stat. § 744.3025(1)(d). The Florida Probate Rules require a guardian ad litem to prepare a report indicating the guardian ad litem's determination regarding whether the proposed settlement will be in the bests interests of the minor. Fla. Prob. R. 5.636.

The sole and very narrow issue for the Court to determine is whether the settlement is in the best interests of the minor and protects the minor. *Bullard v. Sharp*, 407 So. 2d 1023, 1024 (Fla. 4th Dist. Ct. App. 1981); *Nixon v. Bryson*, 488 So. 2d 607, 609 (Fla. 3d Dist. Ct. App. 1986). "In determining whether to approve a proposed settlement, the cardinal rule is that the District Court must find that the settlement is fair, adequate and reasonable and is not the product of collusion of the parties." *Meyers*, 2014 WL 5038585, at *4 (quoting *In re Smith*, 926 F.2d 1027, 1028-29 (11th Cir. 1991)). The Court may consider the plaintiffs' claims, the strength of the defendant's defenses, and whether there is any evidence of collusion. *See id*. at *4.

---

settlement pursuant to §§ 744.301, 744.387 and Florida Rule of Probate 5.636. (Doc. 23). In similar circumstances, this Court has approved settlements involving minors by applying Florida law. *See, e.g.*, *Meyers*, 2014 WL 5038585, at *1; *Mochocki v. United States*, No. 3:15-CV-377-J-34JRK, 2017 WL 3701075, at *1 (M.D. Fla. May 10, 2017). These prior decisions persuade the Court to apply Florida law to the terms of the settlement here.

As such, Plaintiffs submit for the Court's review and approval, the Motion for Approval of Minor's Settlement (Doc. 23), the Guardian Ad Litem Report (Doc. 25), and the proposed Stipulation for Compromise Settlement and Release of Federal Tort Claims Act Claims Pursuant to 28 U.S.C. § 2677.  These documents set forth the precise and specific terms of the settlement entered into between the parties, who are all represented by counsel.

Here, the gross settlement amount is $200,000.00.  The closing statement reviewed by the guardian ad litem reflects that the net amount of $128,248.78 will be paid for the benefit of A.G.R.  (Doc. 25 at 6).  According to the guardian ad litem, this amount will be placed in an appropriate restricted guardianship account.  (*Id.* at 5).  Plaintiffs' attorney will receive $50,000.00 in attorneys' fees, which represents 25% of the gross amount, and $8,573.29 for reimbursement of costs expended.  (*Id.* at 6).  Out of the gross amount, Plaintiffs will set aside $13,1213.43 for health care liens, for which Plaintiffs' attorney will continue to negotiate a reduction.  (*Id.* at 5-6).  The guardian ad litem opines that the approval of the settlement would be in the best interests of the child and recommends approval of the settlement in its entirety, including the attorneys' fees, and waives his own fees.  (*Id.* at 5).

Upon a review of the file and with due regard to the guardian ad litem's recommendation, the Undersigned recommends that the Motion (Doc. 23) be granted.  As noted, the Government contested liability, depositions were taken, and the case was otherwise set for trial.  (Doc. 13 at 2).  There is no evidence of collusion between Plaintiffs and the Government.  For approval of the gross amount of the settlement, the Undersigned takes into consideration the agreement of all of the parties as to the amount of the settlement—especially the guardian ad litem's acceptance of the settlement—and concludes that the overall settlement is fair, reasonable, and in the best interests of the child.  Furthermore, the attorneys' fee is reasonable as it comports with federal

5

law, which sets a 25% cap on contingency fees in FTCA cases that are settled in litigation. *See* 28 U.S.C. § 2678. Upon reviewing the breakdown of costs expended, the Undersigned also finds them to be reasonable under the circumstances of this case. Further, pursuant to the guardian ad litem's recommendation, the net proceeds will be placed in an appropriate restricted guardianship account.

Finally, upon a careful review of the relevant documents, the Undersigned concludes that the non-monetary provisions of the settlement are also fair, reasonable, and in the best interests of the child.

Accordingly, it is hereby **RESPECTFULLY RECOMMENDED** that:

1) The Motion for Approval of Minor's Settlement (Doc. 23) be **GRANTED** and this Court approve the settlement in its entirety as in the best interests of the child;

2) Yuridia Rios Rios and Filogones Garcia-Ojeda, as parents and natural guardians of A.G.R., be authorized to execute all necessary instruments to complete the settlement on behalf of A.G.R.; and

3) The Clerk of Court be directed to enter judgment in favor of Plaintiffs and against Defendant in the amount of $200,000.00 inclusive of all fees and costs, and pursuant to the specific terms for distribution recommended by the Guardian Ad litem.

Respectfully recommended in Chambers in Ft. Myers, Florida on January 31, 2019.

_____
MAC R. MCCOY
UNITED STATES MAGISTRATE JUDGE

**NOTICE TO PARTIES**

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

Copies furnished to:
Counsel of record